1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DONNIE FERGUSON,                          No.  2:17-CV-1930-TLN-DMC

12                    Plaintiff,

13            v.                                FINDINGS AND RECOMMENDATIONS

14    REDDING POLICE DEPARTMENT, et
      al.,
15
                      Defendants.
16

17

18            Plaintiff, who is proceeding with retained counsel, brings this civil action alleging

19    civil rights violations.  Pending before the court is defendants' motion for terminating sanctions

20    (ECF No. 20).  A hearing was held on April 3, 2019, at 10:00 a.m. before the undersigned in

21    Redding, California.  Dave King, Esq., appeared for defendants.  Ralph Rios, Esq., appeared for

22    plaintiff.   A continued hearing was held on April 19, 2019, at 11:00 a.m., also before the

23    undersigned in Redding, California.  Dave King, Esq., and Tracey Werner, Esq., appeared for

24    defendants. Ralph Rios, Esq., appeared for plaintiff.  After considering the arguments presented

25    by counsel, the matter was submitted.

26    / / /

27    / / /

28    / / /

                                                    1

# I. BACKGROUND

On October 9, 2018, defendants filed a motion to compel. See ECF No. 9. Plaintiff failed to participate in the mandated meet-and-confer process and failed to appear at the hearing on defendants' motion on November 14, 2018. On November 20, 2018, the court issued an order granting defendants' unopposed motion to compel and ordered plaintiff to provide verified responses to discovery requests without objection on or before November 26, 2018. See ECF No. 17. The court also directed plaintiff's counsel to appear before the court to show cause why sanctions should not be imposed. See id. Following an order to show cause hearing on December 20, 2019, the court issued a further order awarding defendants sanctions in the amount of $3,216.00 payable within 14 days of the court's order. See ECF No. 19 (December 20, 2018, order). Discovery closed on February 1, 2019. See ECF No. 8.

According to defendants, plaintiff served supplemental responses to discovery requests (interrogatories and requests for production of documents) on November 26, 2018. See ECF No. 20-2 (Werner declaration). On November 27, 2018, defendants' counsel sent plaintiff's counsel an email detailing continued problems with plaintiff's discovery responses. See id. at Exhibit C. After plaintiff's counsel failed to respond, defendants' counsel sent another email on December 19, 2018, detailing the same problems with the supplemental responses. See id. at Exhibit D. Again, plaintiff's counsel did not respond. Defendants' counsel sent a third email regarding deficient discovery responses on December 28, 2018. See id. at Exhibit E. After several attempts to coordinate schedules, counsel finally met and conferred on January 10, 2019. At that meeting, plaintiff's counsel agreed to pay the unpaid sanctions award, produce documents, and serve supplemental responses. See ECF No. 20-2 (Werner declaration). Defendants state they have still not received any responsive documents or supplemental responses, in violation of the court's prior orders.

As to the monetary sanctions the court ordered plaintiff's counsel to pay within 14 days of the December 20, 2018, order, at the initial hearing on the instant motion held on April 3, 2019, counsel represented to the court that he had that same day instructed his office to deliver a check to defendants' counsel. The sanctions, however, were not paid until the day of

2

1  the continued hearing on April 19, 2019, at which time plaintiff's counsel handed defendants'

2  counsel a check.

3

4                              **II.  DISCUSSION**

5          Defendants now seek terminating sanctions pursuant to Federal Rule of Civil

6  Procedure 37(b)(2)(A) for plaintiff's failure to comply with the November 20, 2018, and

7  December 20, 2018, orders.  Alternatively, defendants seek additional monetary sanctions for

8  reasonable attorney's fees and costs associated with the ongoing discovery dispute.

9          In opposition, plaintiff's counsel states he has complied with the court's orders,

10  though he admits he failed to pay the ordered monetary sanctions within the time specified in

11  the court's order.  In his opposition to defendants' motion, plaintiff's counsel provides no

12  explanation for his failure to pay the monetary sanctions.  At the continued hearing, plaintiff's

13  counsel explained his failure to timely pay the sanctions award by telling the court he has no

14  control over his law firm's processing of checks.  As to discovery, plaintiff's counsel states that

15  he has complied with the court's November 20, 2018, order because he produced the

16  outstanding discovery.  Plaintiff's counsel does not address the deficiencies in his written

17  responses identified in defendants' counsel's emails, nor does counsel provide the court with

18  copies of his discovery responses.  Further, while plaintiff's counsel repeatedly represented to

19  the court that he has provided defendants' counsel will all requested documents, plaintiff's

20  counsel was not able to identify a single document allegedly produced and defendants' counsel

21  stated unequivocally that they have not to date received a single responsive document from

22  plaintiff's counsel.

23          The court finds plaintiff's counsel failed to comply with either the November 20,

24  2018, or December 20, 2018, orders.   Therefore, a further sanction is appropriate.  The court

25  must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los

26  Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128,

27  130 (9th Cir. 1987).  Those factors are: (1) the public's interest in expeditious resolution of

28  litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing

1    parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability

2    of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per

3    curiam). A warning that the action may be dismissed as an appropriate sanction is considered a

4    less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1.

5    The sanction of dismissal for lack of prosecution is appropriate where there has been

6    unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal

7    has also been held to be an appropriate sanction for failure to follow local rules, see Ghazali, 46

8    F.3d at 53, failure to comply with an order to file an amended complaint, see Ferdik v. Bonzelet,

9    963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court and parties of a change

10   of address pursuant to local rules, see Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per

11   curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996),

12   and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993).

13          Having considered these factors, the court finds dismissal is an appropriate

14   sanction. As to the first and fourth factors, the public's interest in expeditious resolution of this

15   matter on the merits is thwarted by plaintiff's counsel's failure to meaningfully participate in

16   discovery and by violation of the court's orders. As to the second factor, counsel's failure to

17   provide discovery and move this case forward to trial thwarts the court's ability to manage its

18   caseload and provide for the efficient administration of justice. As to the third factor, plaintiff's

19   counsel's disobedience of the court's orders to provide discovery prejudices defendants' ability

20   to present a defense, particularly given that discover has now closed in this action. Finally, as

21   to the fifth factor, it is clear in this case that imposition of less drastic sanctions, such as a

22   monetary sanction, will not produce compliance from plaintiff's counsel.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

4

## III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

    1.    Defendants' motion for terminating sanctions (ECF No. 20) be granted;

    2.    Defendants' alternative request for additional monetary sanctions be denied; and

    3.    This action be dismissed, without prejudice, for failure to comply with courts orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 25, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE